IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30077 |
| | ) | |
| JEFFREY L. WILFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on July 16, 2007, for the sentencing of Defendant Jeffrey L. Wilford.  Defendant Wilford appeared in person and by his attorney Robert Barewin.  The Government appeared by Assistant U.S. Attorney Gregory K. Harris.  On December 28, 2006, Defendant Wilford pleaded guilty to the charges of Distribution of Cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1); and Distribution of Cocaine Within 1,000 Feet of a School (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and 860.  The United States Probation Office prepared a Presentence Investigation Report (PSR), dated March 20, 2007.

The Government had no objections.

The Defendant objected to the finding in paragraph 27 of the PSR that he was a career offender, and the resulting calculation of his offense level and sentencing range. For the reasons stated of record, the Court overruled the objection. The Court found that the Defendant was a career offender under the Guidelines because: he over 18 years of age at the time he committed the offenses of conviction; the offenses of conviction were controlled substance offenses; and the Defendant had three prior felony convictions that were either crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). The Court specifically found that the Defendant's aggravated conviction was a crime of violence because it involved the use of physical force, and because, under the circumstances set forth in the state charging documents, the offense presented a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a).

The Defendant had no additional objections to the PSR. The Court, therefore, adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Wilford had a final offense level of 31 and was in Criminal History Category VI, resulting in an advisory Guideline sentencing range of 188 to 235 months to life, in Zone D of the Guidelines. The Court noted that the Guidelines are advisory, and that the Court was

required to exercise its discretion to determine Defendant Wilford's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Wilford, the Court sentenced Defendant Jeffrey L. Wilford to a term of 188 months imprisonment on each of Counts 1 and 2, to be served concurrently; to be followed by 6 years of supervised release on Count 1 and 12 years of supervised release on Count 2, to be served concurrently. The Court ordered Defendant Wilford to pay a fine in the sum of $1,000, and ordered him to pay a $200.00 special assessment. The Court recommended to the Bureau of Prisons that Defendant Wilford be placed in a facility in which he will have the opportunity to participate in the intensive drug treatment program, and which is in Illinois, or as close to Illinois as possible. The parties agreed that the appeal rights were waived.

IT IS THEREFORE SO ORDERED.

ENTER: July 17, 2007.

FOR THE COURT:

s/ Jeanne E. Scott  
JEANNE E. SCOTT  
UNITED STATES DISTRICT JUDGE